## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**TRACY YOUNG**                                                             **PLAINTIFF**

**VS**                                                **CAUSE NO.** 3:15-CV-108-GHD-SAA

**ISOLA, MISSISSIPPI, BY AND THROUGH ITS MAYOR, BOBBIE MILLER; ISOLA POLICE DEPARTMENT BY AND THROUGH ITS CHIEF OF POLICE, CHARLES SHARKEY; OFFICER MICHAEL KINGDOM AND JOHN DOES 1-5**     **DEFENDANTS**

## COMPLAINT
*TRIAL BY JURY*

COMES NOW Plaintiff, Tracy Young, by and through undersigned counsel, and files this Complaint against named Defendants above and unknown Defendants in this action, and in support thereof alleges as follows:

## PARTIES

1. Plaintiff Tracy Young is an adult resident citizen of Humphreys County, Mississippi, residing at 303 South Edna St, Isola, Mississippi.

2. Defendant Isola, Mississippi is a political subdivision of the State of Mississippi and may be served with process by effecting the same upon the City Clerk for Isola, Mississippi, Janniece James, at Isola City Hall, 203 Julia St, Isola, Mississippi 38754. The Isola Police Department is a political subdivision of Isola, Mississippi. At all times relevant, the Officer referenced herein, was employed as sworn law enforcement officer for the City, and the Isola Police Department. Said Officer, was there and then acting within the scope and authority of his employment and office.

3. Defendant Officer Michael Kingdom, individually, is an adult resident citizen of Humphrey's County, Mississippi, and at all times herein an employed Officer with the Isola

Police Department in Isola, Mississippi, and may be served with process personally or through his duly authorized designee at the Isola Police Department, or 206 Julia St, Isola, Mississippi 38754.

4. Defendants John Does 1-5 are individuals or entities who are not yet known to the Plaintiff at this time, who will be named at a later date, but who are liable to the Plaintiff for damages. Plaintiff, therefore sue said Defendants by such fictitious names. Plaintiff will amend and insert the exact name and identity of each of the Defendant Does when ascertained.

## JURISDICTION

5. The Plaintiffs herein invoke this Court's federal question jurisdiction pursuant to 28 United States Code §§ 1331 and 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by Plaintiffs, and caused by the blatant violation of the rights, privileges and immunities of the Plaintiffs as guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal Statutes, more particularly, 42 United States Code §§ 1983 and 1985(3).

## VENUE

6. Venue is proper in this jurisdiction and district pursuant to 28 United States Code§§ 1391 (b) in that the alleged acts and omissions of the Defendant occurred exclusively within the territorial limits of this judicial district and division.

## FACTS

7. During February of 2014 Officer Michael Kingdom entered into the Double Quick convenience store, located at 23459 US Highway 49, Isola, Humphreys County, MS

2

38754 in accordance with his capacity as a law enforcement officer with the Isola Police Department, and proceeded to assault and sexually harass Mrs. Tracy Young verbally. Officer Kingdom made comments to Mrs. Young such as "all that ass"; "bet your husband don't know what to do with that", and I'll lick all up in that" and Officer Kingdom grabbed Mrs. Young's wrist as he was making these vulgar comments, thereby detaining and preventing Plaintiff from carrying on with her assigned duties when she had done nothing to warrant her being detained by Defendant Kingdom.

8. Mrs. Young informed Officer Kingdom that she was going to file charges against him and Officer Kingdom advised Mrs. Young to go ahead because nothing is going to be done about it because he is the "sheriff" around there and whatever she files will be thrown out. Mrs. Young then proceeded to file a complaint with the Isola Police Department regarding Officer Kingdom's actions.

9. The Mayor of Isola, Bobbie Miller, came to the Double Quick where Mrs. Young works after Mrs. Young filed her complaint and suggested that maybe Mrs. Young was taking what Officer Kingdom was saying out of context, and that the matter should not go further than it needs to. The Mayor essentially condoned Officer Kingdom's actions towards Mrs. Young, and attempted to intimidate Mrs. Young into withdrawing her complaint against Officer Kingdom.

10. These actions furthered the harassment and emotional stress that Officer Kingdom was perpetuating on Mrs. Young. Mrs. Young was also informed that there was no record of her complaint she filed with the Isola Police Department.

11. Defendant Bobbie Miller, acting in concert and in furtherance of Defendant Kingdom's unlawful acts, was the proximate cause of the injuries and damages to Plaintiff as complained of herein.

12. On or about Friday, October 17, 2014, Mrs. Young was again at work at the Double Quick when Officer Kingdom, entering the store under the guise of his capacity as a law enforcement officer with the Isola Police Department, sexually harassed /assaulted her verbally yet again. Mrs. Young was helping a customer at the register when Officer Kingdom came into the store and stood next to the ice machine watching Mrs. Young. When the customer Mrs. Young was helping left the store, Officer Kingdom walked over to Mrs. Young and stated "what did I tell you about having niggers in your face...let me catch another mother fucking nigger in your face and you are going to make me do something to you".

13. On or about October 20, 2014, Mrs. Young filed a second complaint against Officer Kingdom but did so with the Humphreys Count Sheriff's Department.

14. As a result of these actions taken by Officer Kingdom towards Mrs. Young, she, out of fear and concern for her well-being, has refrained from going to downtown Isola in an effort to avoid running into Officer Kingdom. Also, Mrs. Young has had to switch her shifts at the Double Quick so that Officer Kingdom is not aware of her schedule, and as a result, she has not been able to maintain her normal salary due to her fluctuating schedule.

15. The intentional sexual harassment and assault on the person of the Plaintiff was a violation of statutorily created and constitutionally protected rights, and constitutes the torts of sexual harassment, assault, intentional inflection of emotional distress, and negligent inflection of emotional distress.

16. Defendant, Officer Michael Kingdom, at all times relevant was acting under color of state law and intentionally or with deliberate indifference and callous disregard of Plaintiffs' federal protected rights.

17. The Defendant, Michael Kingdom's, sexual harassment and assault on the person of Plaintiff was the result of the policy, practice and custom of the Isola, Mississippi Police Department and City of Isola, Mississippi. In addition, Defendant Michael Kingdom's unlawful sexual harassment and assault on Plaintiff was the result of the policy, practice and custom of the Isola Police Department and City of Isola, Mississippi to inadequately supervise and discipline its law enforcement officers. The inadequate supervision and discipline of law enforcement officers by the Chief Charles Sharkey and the Isola Police Department has led to the harassment and assault on the person of the Plaintiff.

18. Upon information and belief, Defendant's Isola, Mississippi and the Isola Police Department knew or should have known of Defendant Michael Kingdom's propensity to commit the acts alleged herein against persons he has been sworn to protect as police officer. Notwithstanding this knowledge, Defendants Isola, Mississippi and the Isola Police Department employed Defendant Michael Kingdom as an Officer with the Isola Police Department.

19. As a direct and proximate result of the violation of her constitutional rights by the Defendants, Plaintiff has suffered physical, emotional and mental injuries, all of which entitles her to damages and relief under 42 U.S.C. § 1983.

## COUNT 1
## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

20. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in paragraphs 1-18, supra. The Plaintiff makes the following allegations in Count 1 with respect to all Defendants.

21. At all times material hereto, the Defendants, both named and unnamed, were vested with authority and the non-delegable duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting

5

under color of state law, these Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Plaintiff were violated. Specifically these Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of Plaintiffs':

    a)    right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provision of the Constitution of the State of Mississippi;

    b)    right against unreasonable seizure pursuant specifically to the Fourth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 23 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

    c)    right to procedural and substantive due process of the law specifically pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 14 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law; and

    d)    right to be free from cruel and unusual punishment pursuant specifically to the Eight and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 28 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law.

    22.    The violations complained of in this Complaint for depravation of identifiable civil rights of the Plaintiff, include, but are not limited to assault, unlawful detention, and sexual harassment and other acts and/or omissions by these Defendants, both named and unnamed, to inflict pain, humiliation, and/or injury upon Plaintiff, with deliberate indifference to the immediate, grave, and serious violations of Plaintiff's rights, all of which caused or contributed

to the unjustified deprivation of Plaintiff's sacred rights to liberty and freedom. Additionally, these Defendants both named and unnamed, failed to adequately train, or hire properly trained officers, all of which caused or contributed to the unjustified deprivation of Plaintiff's sacred right to liberty.

## COUNT II
## ACTION FOR CONSPIRACY TO INTERFERE
## WITH CIVIL RIGHTS (42 U.S.C. § 1985)

23. Plaintiffs hereby incorporates by reference and re-allege the information set forth in paragraphs 1-21.

24. At all times material hereto, all Defendants named and unnamed, and their agents, representatives, and employees did conspire to deprive the Plaintiffs, of the rights, privileges, and immunities guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi. Specifically, these Defendants, conspired as outlined in preceding paragraphs of this Complaint engaged in a course of conduct that resulted in the violation of Plaintiffs' rights as outlined herein above.

25. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Plaintiff of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Plaintiff experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Plaintiff's constitutional rights as outlined herein.

## CHIEF CHARLES SHARKEY, ISOLA, MISSISSIPPI
## ISOLA POLICE DEPARTMENT AND ISOLA, MISSISSIPPI

26. These Defendants bear a duty to exercise reasonable care in the hiring, training and supervision of their sworn officers. This duty includes a responsibility to train, and provide

7

adequate funds for such training of the officers, to properly monitor them, observe and report the deprivation of constitutional rights of individuals in custody to the proper legal authorities.

27. Defendants, Isola, Mississippi, and its Police Department, jointly and severally, breached each of these duties for failing to provide proper training to their officers, by failing to have appropriate procedures and protocols in place to ensure adequate protection of civil rights, and by failing to supervise said officers. These breaches directly and proximately resulted in the harms and damages alleged herein.

28. At all times material hereto, all Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of Defendants Isola, Mississippi, and its Police Department, and their agents, representatives, and employees.

29. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Plaintiff of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Plaintiff experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Plaintiff's constitutional rights as outlined herein.

### **BOBBIE MILLER, MAYOR OF ISOLA, MISSISSIPPI**

30. Mayor Bobbie Miller is Chief Executive Officer of the city of Isola, Mississippi and has supervisory authority over the Police Department. Acting in her capacity as an elected official for the city of Isola, Mississippi, approached Plaintiff after she filed and administrative complaint against Defendant Michael Kingdom charging him with sexual harassment and

assault, with the sole purpose of asking or requesting Plaintiff to reconsider her complaint and attempted to convince Plaintiff that she may have been confused about the intentions of Officer Kingdom, while at said time knowing said officer was guilty of the sexual harassment and assault on the person of Plaintiff.

31. Mayor Bobbie Miller knew or should have known that the approach and request to Plaintiff was intimidating and would do further harm to her as a result of said request.

32 The Mayor's actions demonstrate that she was acting in concert with Defendant Michael Kingdom and in furtherance of his unlawful acts as complained of herein.

33. As a directing result of the actions of the Mayor of the City of Isola, Mississippi, Plaintiff suffered the injuries complained of herein.

## **PRAYER FOR RELIEF**

34. WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that upon the filing of this Complaint that this Honorable Court will set this matter for a full and complete trial by jury on the merits and upon completion of the same, enter a judgment granting the following relief:

a. Enter a judgment in favor of the Plaintiff and against all Defendants, jointly and severally, for the actual or compensatory damages sustained by the Plaintiffs, pursuant to 42 United States Code sections 1983, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and the corresponding sections of the Constitution of and Code of the State of Mississippi, from which the Defendants did cause the unlawful detention, infliction of suffering and emotional distress, mental anguish, degradation, humiliation, and any other injury claims that may be discovered during the course of this cause

which the law holds the Defendants liable and responsible in an amount to be determined by a jury, but not less than $1,500,000.00;

b. Enter a judgment in favor of the Plaintiff and against the Defendants, and other unknown John Does 1-5, Individually, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in gross or reckless indifference to the welfare, safety, rights, privileges, and/or immunities of the Plaintiffs, in the amount to be determined by a jury, but not less than $1,500,000.00;

c. Enter a judgment against all Defendants, jointly and severally, for the Plaintiff's reasonable attorney's fees pursuant to 42 United States section 1988, all costs of this action and related litigation expenses and expert fees; and

d. Enter a judgment in favor of the Plaintiff and against Defendants, jointly and severally, for such other relief, general or specific, as the Court may deem appropriate, just, and equitable in the premises.

Respectfully submitted, this the 22nd day of June, 2015.

**TRACY YOUNG, PLAINTIFF**

BY: _____
BRADFORD J. BLACKMON, MSB #104848
*Attorney for Plaintiff*

OF COUNSEL:

Edward Blackmon, Jr. Esq.
Janessa E. Blackmon, Esq.
BLACKMON & BLACKMON, PLLC
907 West Peace Street
Post Office Drawer 105
Canton, Mississippi 39046
Telephone: 601-859-1567
Facsimile: 601-859-2311