IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TRACY YOUNG                                                      PLAINTIFF

v.                                            CIVIL ACTION NO. 3:15-cv-00108-GHD

ISOLA, MISSISSIPPI, By and Through
Its Mayor, Bobby Miller[1]; OFFICER MICHAEL
KINGDOM, Individually; and ISOLA POLICE
DEPARTMENT, By and Through Its Chief of Police,
Charles Sharkey                                                  DEFENDANTS

## MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT, DISMISSING ALL CLAIMS, AND CLOSING CASE

Presently before the Court are the following: a motion for summary judgment [46] filed

by Municipal Defendant,[2] a motion for leave [49] to file excess pages filed by Municipal

Defendant, a motion to strike [52] the reply to the motion for summary judgment filed by

Plaintiff Tracy Young ("Plaintiff"), two motions *in limine* [58 & 59] filed by Municipal

Defendant, and a motion *in limine* [65] filed by Plaintiff. Upon due consideration, the Court

finds that the motion for summary judgment [46] must be granted in its entirety, and the motion

---

[1] Although the Mayor's name is spelled "Bobby Miller" in the style of the case *sub judice*, the correct spelling of her name is apparently "Bobbie Miller."

[2] The Court refers to the Defendants Isola, Mississippi; Bobbie Miller, in her official capacity as Mayor of Isola; and Charles Sharkey, in his official capacity as Chief of Police, collectively as "Municipal Defendant." The Town of Isola, Mississippi is a political subdivision of the State of Mississippi. *See* Pl.'s Compl. [1] ¶ 2; Mun. Def.'s Answer [8] ¶ 2. Mayor Bobbie Miller is Chief Executive Officer of Isola, and Charles Starkey is the Isola Police Department Chief. *See* Pl.'s Compl. [1] ¶ 30; Mun. Def's. Answer [8] ¶ 30. Municipal Defendant states that although "the [c]omplaint incorrectly identifies the Isola Police Department as a separate political subdivision," the Isola Police Department is only a department of the Town of Isola, Mississippi. Mun. Def.'s' Mot. Summ. J. [46] at 1 n.1. Plaintiff does not dispute this point. Further, Plaintiff asserts only official-capacity claims against Mayor Bobbie Miller and Police Chief Charles Starkey. Because "the real party in interest in an official-capacity suit is the governmental entity and not the named official," *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991), any claims against Mayor Miller or Police Chief Starkey are against the Town of Isola. For all of the foregoing reasons, these defendants are properly referred to collectively as "Municipal Defendant."

1

for leave [49], motion to strike [52], and motions *in limine* [58, 59, & 65] must be denied as moot.[3]

<h3 style="text-align:center">I.  *Factual and Procedural Background*</h3>

On June 29, 2015, Plaintiff filed this suit against Municipal Defendant and Officer Michael Kingdom ("Kingdom"), who was at all times relevant to this action employed as an officer of the Town of Isola's police department (the "IPD"). *See* Pl.'s Compl. [1] ¶ 2; Mun. Defs.' Answer [8] ¶¶ 2, 18. On August 31, 2015, Municipal Defendant filed an answer [8] to the complaint.[4] On July 12, 2016, Municipal Defendant filed the motion for summary judgment [46] that is presently before the Court; the motion concerns only the claims asserted against Municipal Defendant. Plaintiff subsequently filed a response, and Municipal Defendant filed a motion for leave to file excess pages [49] in its reply, as well as a reply in support of its motion for summary judgment. Plaintiff then filed a motion to strike [52] Municipal Defendant's reply, and Municipal Defendant filed a response to that motion. On November 21, 2016, the parties' Final Pretrial Order [72] was entered; the pleadings in the case *sub judice* are amended to conform to the Final Pretrial Order.

Pursuant to 42 U.S.C. § 1983, Plaintiff asserts the following claims: (1) violation of right to procedural and substantive due process under the Fifth Amendment, (2) violation of right to procedural and substantive due process under the Fourteenth Amendment, (3) violation of equal protection under the Fourteenth Amendment, and (4) unreasonable seizure under the Fourteenth

---

[3] The Court notes that it did not consider Municipal Defendant's reply to the motion for summary judgment in its ruling.

[4] Although the record indicates that Kingdom was served with the summons and complaint in the parking lot of a Shoney's in Greenville, Mississippi on September 15, 2015, *see* Summons Returned Executed [13] at 1, Kingdom failed to plead or otherwise defend himself in the case *sub judice* as provided by Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff filed a motion for entry of default [61] against Kingdom on November 10, 2016; the Clerk of Court entered an entry of default [70] as to Kingdom on November 14, 2016.

Amendment. Final Pretrial Order [72] ¶ 4.[5] Plaintiff further asserts a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, as well as the following state law claims: (1) assault; (2) violation of equal protection under the Mississippi Constitution; (3) violation of right to procedural and substantive due process under the Mississippi Constitution; and (4) breach of the duty to exercise reasonable care in the hiring, training, and supervision of a sworn officer of the Isola Police Departments. *Id.*

It is undisputed that the Double Quick convenience store is located on Highway 49 in Humphreys County, Mississippi, outside the corporate limits of the Town of Isola, and that Plaintiff is employed as a store clerk there and was so employed in 2014, when the alleged events giving rise to this case occurred. *Id.* ¶ 8(a), (b); 9(a)(1). Municipal Defendant maintains that the IPD has no authority outside the corporate limits of the Town of Isola. *Id.* ¶ 8(b). Plaintiff alleges that the IPD has a common practice of using the Double Quick to gas up their city police vehicles and of receiving one free drink per day per officer while on duty. *Id.* ¶ 8(a). Plaintiff further alleges that while on duty, Kingdom entered the Double Quick "in accordance with his capacity as a law enforcement officer with the [IPD], pursuant to the aforesaid practice, and proceeded to sexually harass [Plaintiff] verbally, . . . ma[king] comments to [Plaintiff] such as 'all that a--'; 'bet your husband don't know what to do with that'; and [']I'll lick all up in that.' " *Id.* Plaintiff further alleges that "[o]n one occasion between the period of October 9th, 2014 and October 17th, 2014[,] [Kingdom] sexually harassed and assaulted the Plaintiff while she was working at the Double Quick convenience store" in that while "Plaintiff was coming from cleaning the bathroom," Kingdom "forcefully grabbed her by her left arm, thereby detaining and

---

[5] Plaintiff apparently concedes she is not asserting any other constitutional bases for her municipal liability claim against Municipal Defendant; furthermore, although she possibly alleged in her complaint several other § 1983 claims (failure to train/inadequate review, omission, and ratification), none of these claims are asserted in the Final Pretrial Order. Finally, several state law claims asserted in the complaint are not listed in the Final Pretrial Order. *See* Final Pretrial Order [72] ¶ 4 (listing all claims asserted).

3

preventing Plaintiff from carrying on with her assigned duties, and stated to Plaintiff that 'her husband ain[']t hitting it right.' " *Id.*

Plaintiff next alleges that on or about Friday, October 17, 2014, Plaintiff was at work at the Double Quick when Kingdom "enter[ed] the store pursuant to the practice of the [IPD] as stated beforehand, and then[,] again[,] sexually harassed/assaulted Plaintiff" in that while Plaintiff was "helping a customer at the register, . . . Kingdom came into the store and stood next to the ice machine watching [Plaintiff]" and "[w]hen the customer [Plaintiff] was helping left the store, [Kingdom] walked over to [Plaintiff] and stated 'what did I tell you about having n------ in your face . . . let me catch another m----- f------ n----- in your face and you are going to make me do something to you.' " *Id.*

Plaintiff then cites to deposition testimony by Mayor Miller that Kingdom was brought on as an emergency hire with the IPD, that Mayor Miller "could not recall the statute that would have given her the ability to make an 'emergency hire,' " and that the Board of Aldermen did "not officially hire[]" Kingdom until several months after the emergency hire. *Id.* It is undisputed that "[a]t the time of his employment by the Town of Isola, [Kingdom] was certified as a Law Enforcement Officer under Mississippi law and had completed the state[-]mandated law enforcement training." *Id.* ¶ 9(a)(3). It is further undisputed that "Mayor Miller's background check for hiring [Kingdom] consisted of calling the references he listed." *Id.* ¶ 9(a)(4). Plaintiff cites to Mayor Miller's deposition testimony that "she was unaware of any prior complaints of misconduct by [Kingdom] prior to him being hired as a police officer for [Isola]," and that she was "unaware of all of the different law enforcement agencies [Kingdom] worked for prior to him being hired as a police officer with the [IPD]." *Id.* ¶ 8(a). Finally, it is

undisputed that "[t]he Town of Isola has a written policy against sexual harassment by any Town Employee." *Id.* ¶ 9(a)(2).

With these allegations and undisputed facts in mind, the Court turns to the motion for summary judgment standard and then to the summary judgment motion before it.

## II.  *Motion for Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* Fed. R. Civ. P. 56(a); *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. "An issue of fact is material only if its resolution could affect the outcome of the action." *DeBlanc v. St. Tammany Par. Sch. Bd.*, 640 F. App'x 308, 312 (5th Cir. 2016) (per curiam) (quoting *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002) (internal quotation marks omitted))).

Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'

designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

It is axiomatic that in ruling on a motion for summary judgment "[t]he evidence of the nonmovant is to be believed[ ] and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, —— U.S. ——, ——, 134 S. Ct. 1861, 1863, 188 L. Ed. 2d 895 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (internal quotation marks omitted)); *see, e.g., Ard v. Rushing*, 597 F. App'x 213, 217 (5th Cir. 2014) (per curiam) (quoting *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006) (on summary judgment, " '[w]e view the evidence in the light most favorable to the non-moving party' ")). The Court " 'resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.' " *Thomas v. Baldwin*, 595 F. App'x 378, 378 (5th Cir. 2014) (per curiam) (quoting *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and citation omitted)). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' " *Id.* at 380 (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.' " *Cotton*, 134 S. Ct. at 1866 (quoting *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505); *see Stewart v. Guzman*, 555 F. App'x 425, 430 (5th Cir. 2014) (per curiam) (citing *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011) (In ruling on a summary judgment motion, "[w]e neither engage in

credibility determinations nor weigh the evidence.")). With the foregoing standard in mind, the Court turns to the issues before it.

### III.    Analysis and Discussion

As stated, pursuant to 42 U.S.C. § 1983, Plaintiff asserts the following claims: (1) violation of right to procedural and substantive due process under the Fifth Amendment, (2) violation of right to procedural and substantive due process under the Fourteenth Amendment, (3) violation of equal protection under the Fourteenth Amendment, and (4) unreasonable seizure under the Fourteenth Amendment. Final Pretrial Order [72] ¶ 4. Plaintiff further asserts a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, as well as the following state law claims: (1) assault; (2) violation of equal protection under the Mississippi Constitution; (3) violation of right to procedural and substantive due process under the Mississippi Constitution; and (4) breach of the duty to exercise reasonable care in the hiring, training, and supervision of a sworn officer of the Isola Police Departments. *Id.*

### 42 U.S.C. § 1983

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, —— U.S. ——, —— –, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012) (quoting § 1983). "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *See id.*; *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). "To establish a claim under § 1983, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Salazar–Limon v. City of Houston, Tex.*, 826 F.3d 272, 276–77 (5th Cir. 2016), *as revised* (June 16, 2016) (quoting *Whitley v.*

*Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, —— U.S. ——, 134 S. Ct. 1935, 188 L. Ed. 2d 960 (2014)). Additionally, "[c]laims under § 1983 may be brought against persons in their individual or official capacity, or against a governmental entity." *Id.* at 277 (citing *Goodman v. Harris County, Tex.*, 571 F.3d 388, 395 (5th Cir. 2009)).

The claims at issue in the present motion for summary judgment are those asserted against Municipal Defendant—by definition, official-capacity claims. "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (internal quotations marks and citations omitted).[6] "A municipality or other local government may be liable under this section if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011); *see Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

To sustain such claims, Plaintiff must show that a constitutional violation was the result of a policy or practice of Municipal Defendant. *See Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 171 (5th Cir. 2011). In this scenario, Municipal Defendant is the state actor who allegedly caused the deprivation of a federal right. *See id.* "Therefore, the municipality itself is the state actor and its action in maintaining the alleged policy at issue supplies the 'color of law' requirement under § 1983." *Gibson v. City of Chicago, Ill.*, 910 F.2d

---

[6] "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer*, 502 U.S. at 25, 112 S. Ct. 358. A plaintiff asserting a § 1983 personal-capacity claim must only show "that the official, acting under color of state law, caused the deprivation of a federal right." *Id.*, 112 S. Ct. 358; *Anderson v. Valdez*, No. 15-40836, --- F. App'x ---, 2016 WL 6647759, at *11 (5th Cir. Nov. 9, 2016) (citing *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013)). In the case *sub judice*, in addition to Plaintiff's official-capacity claims against Municipal Defendant, Plaintiff asserts personal-capacity claims against Kingdom.

1510, 1519 (7th Cir. 1990). Even if the Court were to examine the issue of whether Kingdom acted under color of state law and concluded that Kingdom did not act under color of state law, that finding would not permit summary judgment on the municipal liability claim. *See id.*

The foundation of a municipal liability claim is the underlying constitutional violation. *Blair v. City of Dallas, Tex.*, No. 16-10202, 2016 WL 6775942, at *4 (5th Cir. Nov. 15, 2016) (per curiam) (citing *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986)). No liability can lie against Municipal Defendant under § 1983 unless Plaintiff has shown an underlying constitutional violation. Therefore, the first step in the analysis is to examine whether Plaintiff has alleged an underlying constitutional violation.

### a. <u>Underlying Constitutional Violation</u>

#### i. **Fifth Amendment procedural and substantive due process**

First, Plaintiff alleges that she has suffered a violation of her right to procedural and substantive due process under the Fifth Amendment. Municipal Defendant correctly argues in its motion for summary judgment that this claim fails as a matter of law, because a Fifth Amendment due process claim can only be brought against a federal actor, not a state actor. *See Coleman v.* Sellars, 614 F. App'x 687, 689 (5th Cir. 2015) (per curiam) (citing *Jones v. City of Jackson, Miss.*, 203 F.3d 875, 880 (5th Cir. 2000)). It is undisputed that Mayor Miller, Police Chief Starkey, Kingdom, and any other persons employed by the Town of Isola are not federal government employees, nor were they federal government employees at the time of the incidents giving rise to this suit. *See* Pl.'s Dep. [46-3] at 49. Therefore, the Fifth Amendment claim fails as a matter of law. Furthermore, Plaintiff makes no argument in her response in support of her Fifth Amendment claim and has thus effectively abandoned this claim. *See Meejuru v. Lynch*, No. 15-60376, 2016 WL 6310819, at *1 (5th Cir. Oct. 27, 2016) (per curiam) (citing *Thuri v.*

*Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004)). Accordingly, for all of the foregoing reasons, Plaintiff has failed to show that a Fifth Amendment procedural and substantive due process claim is the foundation of her municipal liability claim against Municipal Defendant.

## ii. Fourteenth Amendment procedural and substantive due process

Second, Plaintiff alleges that she has suffered a violation of her right to procedural and substantive due process under the Fourteenth Amendment. Municipal Defendant argues in its motion for summary judgment that Plaintiff's claim that she suffered a violation of her right to procedural and substantive due process under the Fourteenth Amendment fails as a matter of law, because alleged verbal sexual harassment is an insufficient basis for such a claim. Plaintiff makes no argument to the contrary in her response. However, Plaintiff apparently alleges that Kingdom both verbally sexually harassed her and assaulted her by forcefully grabbing her arm— though the alleged incident did not result in physical injury. *See* Final Pretrial Order [72] ¶ 8(a).

The Fifth Circuit case law in this area is sparse, but does guide this Court to find that Plaintiff falls quite short of alleging an underlying Fourteenth Amendment due process violation. In *McClendon v. City of Columbia, Miss.*, 305 F.3d 314 (5th Cir. 2002), the Fifth Circuit acknowledged that "other circuits have . . . upheld the constitutional principle that there is a substantive due process right to be free from state-imposed violations of bodily integrity in cases involving rape <u>and</u> sexual harassment by police officers." *Id.* at 336 (citing *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 796 (8th Cir. 1998) (police officer violated a woman's substantive due process right to bodily integrity when he used his position of power as a police officer to rape her) (emphasis added)). In cases involving pretrial detainees and inmates, the Fifth Circuit has repeatedly held that sexual harassment without physical injury does not rise to the level of a constitutional violation. *See Ponce v. Lucas*, 590 F. App'x 444, 445 (5th Cir. 2015)

(per curiam) ("sexual harassment claim fails because verbal abuse and threatening language and gestures do not give rise to a cause of action under § 1983"); *Gipson v. Wilkinson*, 562 F. App'x 256 (5th Cir. 2014) (per curiam) (same); *Jane Doe 5 v. City of Haltom City, Tex.*, 106 F. App'x 906, 908 (5th Cir. 2004) (per curiam) ("[v]erbal sexual harassment does not violate a detainee or inmate's constitutional rights"); *Howard-Barrows v. City of Haltom City, Tex.*, 106 F. App'x 912, 914 (5th Cir. 2004) (per curiam) ("[s]exual harassment alone does not violate a detainee's constitutional rights"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (internal quotation marks and citations omitted) ("an unjustified serious physical assault against an inmate raises an arguable [§] 1983 claim" if resulting in physical injury, but "mere threatening language and gestures of a custodial office do not, even if true, amount to constitutional violations").

Based on the foregoing, this Court finds that Plaintiff's allegations of verbal sexual harassment and an unwanted touching when Kingdom "forcefully grabbed [Plaintiff] by her left arm," *see* Final Pretrial Order [72] ¶ 8(a), do not state an actionable Fourteenth Amendment due process claim in the Fifth Circuit. Accordingly, Plaintiff has failed to show that a Fourteenth Amendment due process claim is the foundation of her municipal liability claim against Municipal Defendant.

### iii. Fourteenth Amendment equal protection

Third, Plaintiff alleges that she has suffered a violation of equal protection under the Fourteenth Amendment. Municipal Defendant argues that this claim also fails as a matter of law

and cites in support Plaintiff's deposition testimony that all the players in this case are African American, that Plaintiff is not alleging that in any way she has been discriminated against because of the color of her skin, and that she has no facts or evidence she has been treated differently than anyone else because she is African American. *See* Pl.'s Dep. [46-3] at 47–48. Municipal Defendant additionally argues that this claim fails because Plaintiff has not alleged or shown that she was discriminated against on the basis of her gender.

Plaintiff argues in response that she has stated an equal protection claim based on the alleged sexual harassment, but cites no Fifth Circuit case in support; instead, her only cited authority is an Eastern District of Pennsylvania case.

"The Equal Protection Clause of the Fourteenth Amendment is 'essentially a direction that all persons similarly situated should be treated alike.' " *Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985)). However, the Fifth Circuit has not to date recognized an equal protection claim based on verbal sexual harassment and an unwanted touching not resulting in physical injury in a non-employment context. *See Lauderdale v. Tex. Dep't of Criminal Justice, Inst'l Div.*, 512 F.3d 157, 166 (5th Cir. 2007) (sexual harassment allegations in employment context can constitute Fourteenth Amendment equal protection violation).[7, 8]

Based on the foregoing, this Court finds that Plaintiff's allegations of verbal sexual harassment and an unwanted touching when Kingdom "forcefully grabbed [Plaintiff] by her left

---

[7] Even in employment cases, however, " '[f]or sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.' " *Wilkie v. Robbins*, 551 U.S. 537, 582, 127 S. Ct. 2588, 168 L. Ed. 2d 389 (2007) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S. Ct. 2399, 91 L.Ed.2d 49 (1986)). The allegations in the case *sub judice* do not meet this standard.

[8] *See also Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257–58, 129 S. Ct. 788, 172 L. Ed. 2d 582 (2009) (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (recognizing § 1983 claim for equal protection could lie in school context in student-to-student sexual harassment)).

arm," *see* Final Pretrial Order [72] ¶ 8(a), do not state an actionable Fourteenth Amendment equal protection claim in the Fifth Circuit. Therefore, Plaintiff has failed to show that a Fourteenth Amendment equal protection claim is the foundation of her municipal liability claim against Municipal Defendant.

### iv. Fourteenth Amendment unreasonable seizure

Fourth, Plaintiff alleges that she was subject to an unreasonable seizure under the Fourteenth Amendment. Municipal Defendant argues that this claim fails as a matter of law, because Plaintiff acknowledges in her deposition testimony she was never arrested, handcuffed, charged, or physically injured. *See* Pl.'s Dep. [46-3] at 20, 48. Municipal Defendant further cites to Plaintiff's deposition testimony that her alleged physical injuries are as follows: "The first one is I had to switch [work] shifts when I didn't want to [work in] the morning. The second one took a toll on my marriage with my husband." *Id.* at 43.

Plaintiff makes no argument in support of this claim in her response and has thus effectively abandoned this claim. *See Meejuru*, 2016 WL 6310819, at *1 (citing *Thuri*, 380 F.3d at 793).

Furthermore, "a seizure occurs for purposes of the Fourth Amendment [applied to the States by the Fourteenth Amendment] 'only when there is a governmental termination of freedom of movement <u>through means intentionally applied</u>.' " *Blair v. City of Dallas, Tex.*, No. 16-10202, 2016 WL 6775942, at *3 (5th Cir. Nov. 15, 2016) (per curiam) (quoting *Brower v. Cty. of Inyo*, 489 U.S. 593, 596–97, 109 S. Ct. 1378, L. Ed. 2d 628 (1989) (emphasis in original)). The alleged facts in this case do not constitute a cognizable seizure under the Fourth and Fourteenth Amendments, and Plaintiff has failed to show that she suffered an actionable

injury. Therefore, Plaintiff has failed to show that a Fourteenth Amendment unreasonable seizure claim is the foundation of her municipal liability claim against Municipal Defendant.

### v. Summary

Because municipal liability under § 1983 requires a violation of constitutional rights, and because Plaintiff has not identified a constitutional violation that could support a finding of municipal liability, her § 1983 municipal liability claim fails as a matter of law. *See Travis v. City of Grand Prairie, Tex.*, No. 15-10860, 2016 WL 3181392, at *3 (5th Cir. June 7, 2016) (*See Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997)); *Whitley*, 726 F.3d at 639 n.3 (citing *Piotrowski v. City of Houston, Tex.*, 237 F.3d 567, 578 (5th Cir. 2001)).

Furthermore, because a constitutional violation is also an essential element of the § 1983 personal-capacity claims against Kingdom, and Plaintiff has not alleged or shown that a constitutional violation occurred, the § 1983 personal-capacity claims against Kingdom must be dismissed, as well.

### b. Policy or practice

Plaintiff's § 1983 municipal liability claim also fails for the additional reason that she has not presented evidence of a policy or practice under *Monell*. As set forth above, "under § 1983, local governments are responsible only for 'their own illegal acts,' " *Connick*, 563 U.S. at 60, 131 S. Ct. 1350 (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) (emphasis in original)); local governments "are not vicariously liable under § 1983 for their employees' actions," *id.*, 131 S. Ct. 1350. *Monell* established the standard as follows:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

> represent official policy, inflicts the injury that the government as
> an entity is responsible under § 1983.

436 U.S. at 694, 98 S. Ct. 2018; *Salazar–Limon*, 826 F.3d at 277. Therefore, "a plaintiff seeking

to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or

'custom' that caused the plaintiff's injury." *Gros v. City of Grand Prairie, Tex.*, 34 F. App'x 150

(5th Cir. 2002) (per curiam) (citing *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S.

397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)).

In the Final Pretrial Order, Plaintiff concedes that the Town of Isola has a written policy

against sexual harassment by any employee of the Town, Final Pretrial Order [72] ¶ 9(a)(2).

Municipal Defendant maintains in its motion for summary judgment that Kingdom was

instructed concerning the Town of Isola's sexual harassment policy and attaches to its summary

judgment motion both the policy and Kingdom's signed acknowledge of receipt of the same. *See*

Town of Isola Personnel Policies & Procedures, Sexual Harassment: Policy & Procedure [46-8]

at 7–10; Kingdom's Acknowledgment of Receipt of Policies & Procedures of the Town of Isola

[46-9] at 1.

Despite that Plaintiff has apparently abandoned her theory of municipal liability based on

negligent hiring, failure to train, inaction, and ratification, as the same appear nowhere in the

Final Pretrial Order, two contested issues of fact pertain to the municipal liability claim and must

be addressed: "[w]hether the Municipal Defendant had knowledge of [Kingdom's] past acts of

sexual harassment as a law enforcement officer for purposes of municipal liability under § 1983"

and "[w]hether [Mayor] Miller discouraged Plaintiff from pursuing criminal charges against

[Kingdom]." Final Pretrial Order [72] ¶ 9(b)(6) & (9).[9] Furthermore, Plaintiff stresses in her

---

[9] The contested issue of fact, "[w]hether Municipal Defendant breached its duty to exercise reasonable care in the hiring, training, and supervision of a sworn officer of the [IPD]," Final Pretrial Order [72] ¶ 9(b)(5)

allegations the undisputed fact that Mayor Miller's background check for hiring Kingdom consisted of calling references he listed, and also seemingly alleges that the emergency hire of Kingdom may have been not based on any statutory authority. *Id.* ¶¶ 8(a); 9(a)(4). Plaintiff also cites to Mayor Miller's deposition testimony that she was unaware of prior complaints of misconduct by Kingdom, as well as the other law enforcement agencies for which Kingdom worked prior to the IPD. Finally, the parties agree that Kingdom was a certified law enforcement officer under Mississippi law. *Id.* ¶¶ 8(a); 9(a)(4).

Plaintiff's conclusory allegations fall quite short of the showing required for municipal liability. "Even a showing of heightened negligence is insufficient to show the deliberate indifference needed to prove municipal liability." *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (citing *Piotrowski*, 237 F.3d at 579) (citing *Brown*, 520 U.S. at 407, 117 S. Ct. 1382)).

With respect to any ratification theory relying on the allegation that Mayor Miller discouraged Plaintiff from pursuing criminal charges against Kingdom, "[r]atification exists when a policymaker 'approve[s] a subordinate's decision and the basis for it.' " *Medina v. Ortiz*, 623 F. App'x 695, 701 (5th Cir. 2015) (per curiam) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)). "[Fifth Circuit] precedent limits municipal liability on a theory of ratification to 'extreme factual situations.' " *Rodriguez v. City of Houston, Tex.*, 651 F. App'x 282, 286 (5th Cir. 2016) (per curiam) (quoting *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009)). "Good faith statements made in defending complaints against municipal employees do not demonstrate ratification," even if the conduct is

---

(emphasis added), does not pertain to the § 1983 municipal liability claim, which requires a showing of deliberate indifference.

later shown to be unlawful. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010) (citing *Peterson*, 588 F.3d at 848, 852).

Plaintiff's only factual allegation that possibly supports a ratification claim is that Mayor Miller discouraged Plaintiff from pursuing criminal charges against Kingdom. However, Plaintiff offers no evidence in support of this allegation, and this allegation alone does not meet the standard for a ratification claim. Furthermore, in Plaintiff's deposition, she testified that she had never had a conversation with Mayor Miller about her sexual harassment allegations against Kingdom. *See* Pl.'s Dep. [48-10] at 10. The lack of evidence in the case *sub judice* is insufficient to establish municipal liability under the theory that Municipal Defendant ratified Kingdom's conduct. Therefore, Plaintiff's ratification claim must be dismissed.

Finally, with respect to any "§ 1983 claim premised upon the inadequacy of an official's review of a prospective applicant's record," *see Brown*, 520 U.S. at 410, 117 S. Ct. 1382, Plaintiff must show: " '(1) the training or hiring procedures of the municipality's policymaker were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy, and (3) the inadequate hiring or training policy directly caused the plaintiff's injury.' " *Aguirre v. Nueces County, Tex.*, 217 F. App'x 348, 349 (5th Cir. 2007) (per curiam) (quoting *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996)).

The Supreme Court has cautioned:

> Where a plaintiff presents a § 1983 claim premised upon the inadequacy of an official's review of a prospective applicant's record, . . . there is a particular danger that a municipality will be held liable for an injury not directly caused by a deliberate action attributable to the municipality itself. Every injury suffered at the hands of a municipal employee can be traced to a hiring decision in a "but-for" sense: But for the municipality's decision to hire the employee, the plaintiff would not have suffered the injury. To prevent municipal liability for a hiring decision from collapsing into *respondeat superior* liability, a court must carefully test the

link between the policymaker's inadequate decision and the particular injury alleged.

. . .

[P]redicting the consequence of a single hiring decision, even one based on an inadequate assessment of a record, is far more difficult than predicting what might flow from the failure to train a single law enforcement officer as to a specific skill necessary to the discharge of his duties.

Brown, 520 U.S. at 410, 117 S. Ct. 1382. In *Brown*, the United States Supreme Court held that the county was not liable for a tort committed by a police officer, even though the sheriff had hired the officer despite the officer's lengthy criminal record, including assault and battery, resisting arrest, and public drunkenness. The Supreme Court concluded that "[t]he connection between the background of the particular applicant and the specific constitutional violation must be strong." *Id.*

In this case, Plaintiff has presented no evidence supporting that Municipal Defendant had an inadequate hiring policy that led to the alleged sexual harassment, nor has she presented any allegation or evidence supporting deliberate indifference or that she suffered an injury. Although a single hiring decision could conceivably hold a municipality liable in some instances, those instances are not present in this case. Even if Municipal Defendant should have conducted a more rigorous background check of Kingdom, "the municipal policy-maker's failure to adopt a precaution . . . must amount to an intentional choice, not merely an unintentionally negligent oversight." *See Rhyne v. Henderson County, Tex.*, 973 F.2d 386, 392 (5th Cir. 1992). Because Plaintiff has presented no evidence in support of her inadequate hiring claim, the same is dismissed.

### c. Summary of § 1983 Claims

For all of the foregoing reasons, Plaintiff has failed to show either an underlying constitutional violation or a policy or practice that caused a constitutional violation. Accordingly, her § 1983 municipality liability claim fails as a matter of law and must be dismissed on summary judgment. Furthermore, because the Court has found no constitutional basis to Plaintiff's allegations, the § 1983 personal-capacity claims against Kingdom must be dismissed as well.

### § 1985 Conspiracy

Next, Plaintiff alleges a conspiracy to interfere with her civil rights under § 1985. Municipal Defendant argues that this claim fails as a matter of law, because § 1985(3) claims apply only to conspiracies against protected classes of people, that proof of racial animus is required to sustain such a claim past summary judgment, and that Plaintiff has failed to present such proof. Municipal Defendant additionally argues that the claim fails because Plaintiff was not subjected to any actions on the basis of her gender.

Section 1985 was enacted to address race-based animus and has rarely been extended further. *See, e.g.*, *United Bd. of Carpenters and Joiners v. Scott*, 463 U.S. 825, 836, 103 S. Ct. 3352, 77 L. Ed. 2d 1049 (1983) ("[I]t is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against [African–Americans] and those who championed their cause[.]"); *McLellan v. Miss. Power & Light Co.*, 545 F.2d 919, 928–29 (5th Cir. 1977) (instructing courts to exercise restraint when confronted with class-based discrimination grounded in a non-racial animus). A § 1985(3) class must possess a discrete, insular, and immutable characteristic, such as race, gender, religion, or national origin. *See McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1219 (5th Cir. 1987). To state a cognizable claim

under § 1985(3), Plaintiff must show that "(1) a racial or class-based discriminatory animus lay behind the conspiracy and (2) the conspiracy aimed to violate rights protected against private infringement." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68, 113 S. Ct. 753, 122 L. Ed. 2d 34 (1993)). Plaintiff has clearly testified in her deposition that she does not believe she was the victim of race-based animus. Plaintiff's response asserts that she was the victim of gender-based animus and also asserts that the Municipal Defendant conspired against her to dissuade her from pursuing her sexual harassment complaint. Although that might be sufficient to sustain the claim at the Rule 12(b)(6) stage, those allegations with no supporting evidence are insufficient to sustain the claim at the summary-judgment stage. Plaintiff has failed to present any proof that, even if the Municipal Defendant conspired to dissuade her from asserting her sexual harassment claim, it did so based on any gender-based discriminatory animus. For all of the foregoing reasons, this claim fails as a matter of law against all Defendants.

### State Law Claims

Finally, Plaintiff asserts the following state law claims: (1) assault; (2) violation of equal protection under the Mississippi Constitution; (3) violation of right to procedural and substantive due process under the Mississippi Constitution; and (4) breach of the duty to exercise reasonable care in the hiring, training, and supervision of a sworn officer of the IPD. Final Pretrial Order [72] ¶ 4. The Court, in its discretion, retains supplemental jurisdiction over these remaining state law claims and rules as follows.

#### i. Assault

Under Mississippi law, an assault is committed "where a person (1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an

imminent apprehension of such contact, and (2) the other is thereby put in such imminent apprehension." *Morgan v. Greenwaldt*, 786 So. 2d 1037, 1043 (Miss. 2001). Plaintiff alleges in pertinent part that Kingdom "forcefully grabbed her by her left arm, thereby detaining and preventing Plaintiff from carrying on with her assigned duties" at the Double Quick convenience store. Final Pretrial Order [72] ¶ 8(a). Municipal Defendant argues that, according to Plaintiff's deposition testimony, the Humphreys County Sheriff's Department obtained a surveillance video from the Double Quick convenience store showing the alleged events, and that Police Chief Starkey testified in his deposition that he watched the video and could only see Kingdom in the store with Plaintiff and Plaintiff apparently laughing. Final Pretrial Order [72] ¶ 8(b). Plaintiff does not refute these arguments or deposition testimony and has failed to raise a genuine dispute of material fact that an assault occurred. Therefore, this claim must be dismissed as to all Defendants.

The assault claim must be dismissed against Municipal Defendant for the additional reason that an assault constitutes a criminal act under Mississippi law, and Municipal Defendant is immune from liability for such criminal acts through Mississippi Code § 11-46-5(2), which provides in pertinent part that "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct if its employee if the employee's conduct constituted . . . any criminal offense other than traffic violations." For all the foregoing reasons, the assault claim must be dismissed as to all Defendants.

### ii. Mississippi Constitution

To the extent Plaintiff alleges an equal protection claim under the Mississippi constitution, the same must be dismissed against all Defendants, because the Mississippi

constitution has no equal protection clause. *See Clemons v. United States*, No. 4:10-CV-209-CWR-FKB, 2013 WL 3943494, at *10 (S.D. Miss. June 13, 2013).

To the extent Plaintiff alleges due process claims under the Mississippi constitution, the Mississippi Supreme Court has held that such claims require proof that the defendant's actions "were inspired by malice." *See City of Jackson v. Powell*, 917 So.2d 59, 72 (Miss. 2005). Plaintiff has neither alleged nor shown that any action was inspired by malice, and accordingly, her due process claims under the Mississippi constitution must be dismissed as a matter of law.

For all of the foregoing reasons, Plaintiff's claims based on the Mississippi constitution must be dismissed as to all Defendants.

### iii. Breach of duty to exercise reasonable care in hiring, training, and supervision

Finally, Plaintiff alleges claims against Municipal Defendant for breach of the duty to exercise reasonable care in the hiring, training, and supervision of a sworn officer of the IPD. "The [Mississippi Tort Claims Act ("MTCA")] is the exclusive civil remedy against a governmental entity or its employee for tortious acts or omissions which give rise to a suit." *Elkins v. McKenzie*, 865 So. 2d 1065, 1078 (Miss. 2003) (citing Miss. Code Ann. § 11-46-7(1) (other internal citations omitted)). The MTCA provides that a governmental entity shall not be liable for any claim "[a]rising out of the exercise of discretion in determining . . . the hiring of personnel . . . ." Miss. Code Ann. § 11-46-9(1)(g). Therefore, Plaintiff is precluded from holding Municipal Defendant liable for discretionary hiring decisions, and this claim must be dismissed. *See Franklin v. N. Cent. Narcotics Task Force*, No. 515CV120DCBMTP, 2016 WL 3676666, at *3 (S.D. Miss. July 7, 2016).

Furthermore, any claim that Municipal Defendant failed to exercise reasonable care in decisions regarding the employment, supervision, training, and retention of officers relates to

Municipal Defendant's exercise of a discretionary function that affects public and social policy. The Mississippi Supreme Court has stated:

> [T]here is no doubt that the choice to employ and the manner of supervision of police officers does affects [sic] public policy, and the make-up of the police force inherently affects the social policy of a city. The manner in which a police department supervises, disciplines and regulates its police officers is a discretionary function of the government and thus the city is immune to suit under [section] 11–46–9(1)(d).

*City of Jackson v. Sandifer*, 107 So. 3d 978, 987 (Miss. 2013) (quoting *City of Jackson v. Powell*, 917 So. 2d 59, 74 (Miss. 2005)). Thus, Municipal Defendant is immune from suit on these claims, as well.

### iv.     Summary

Accordingly, based on all of the foregoing, the state law claims against Municipal Defendant are dismissed, and all state law claims against Kingdom are dismissed, except the assault claim.

### *IV.     Conclusion*

In sum, the motion for summary judgment [46] filed by Municipal Defendant is GRANTED in its entirety; all claims against Municipal Defendant are DISMISSED; and Defendants Isola, Mississippi, by and through its mayor, Bobbie Miller, as well as Isola Police Department, by and through its Chief of Police, Charles Sharkey, are DISMISSED as parties.

Due to the disposition of the claims against Municipal Defendant and the associated findings thereof, all claims against Defendant Officer Michael Kingdom are likewise DISMISSED; and Defendant Officer Michael Kingdom is DISMISSED as a party.

Further, the following motions are DENIED AS MOOT:

(1) Municipal Defendant's motion for leave to file excess pages [49];

(2) Plaintiff's motion to strike [52] Municipal Defendant's reply to the motion for summary judgment;[10]

(3) Municipal Defendant's first motion *in limine* [58];

(4) Municipal Defendant's second motion *in limine* [59]; and

(5) Plaintiff's first motion *in limine* [65].

This case is CLOSED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 23rd day of November, 2016.

_____
SENIOR U.S. DISTRICT JUDGE

---

[10] The Court did not consider Municipal Defendant's reply in ruling on its motion for summary judgment.